IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00041-GPG

JONATHAN (LANE) WOODSTOCK,

    Plaintiff,

v.

LARIMER COUNTY SHERIFF,
LT. S SHAFFER,
CHAPLAIN BRET RICKARD,
CAPTAIN PALMER, and
S. JONES,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jonathan (Lane) Woodstock, is in the custody of the Colorado

Department of Corrections at the San Carlos Correctional Facility in Pueblo, Colorado.

At the time Plaintiff initiated this action, he was detained in the Larimer County Jail.

Mr. Woodstock has filed *pro se* a Prisoner Complaint asserting a violation of his

constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He has been

granted leave to proceed *in forma pauperis*.

The Court must construe the Complaint liberally because Mr. Woodstock is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Woodstock will be ordered to file an amended complaint.

In the Prisoner Complaint, Mr. Woodstock alleges that he is a member of the

Messianic Jewish faith.  When Plaintiff was booked into the Larimer County Jail on

January 9, 2014, he notified the intake deputy of his religion and requested a kosher

diet.  Plaintiff was placed on a kosher diet on January 14, 2014.  Mr. Woodstock

observed immediately that the food, drinks and trays he received were not in

accordance with kosher dietary law.  Instead, Plaintiff was served the same food, on the

same trays, as all other inmates. Plaintiff alleges that between January 11, 2014 and

March 4, 2014, he submitted several kites to Defendant Rickard, the Chaplain, and

Defendant Shaffer, the kitchen staff supervisor, complaining that his diet was not

kosher.   Rickard initially looked into Plaintiff's concerns, but later told Plaintiff that "he

does not have anything to do with kosher diets," even though he is the supervisor of

religious programs at the jail.  Plaintiff states that he was informed by Defendant

Shaffer that kosher guidelines were being followed and that all of the food served to jail

inmates was kosher.  Mr. Woodstock further alleges that after he began to file

grievances concerning the lack of a kosher diet, his food portions were cut in half.

Plaintiff asserts that this action was taken in retaliation for his administrative grievances

and appeals.  Mr. Woodstock claims that the Defendants have violated his First

Amendment right to free exercise of religion, and have unlawfully retaliated against him

for the exercise of constitutional rights.  He seeks monetary relief.

The Complaint is deficient because Mr. Woodstock fails to allege facts to show

that each named Defendant was personally involved in the alleged deprivation of his

constitutional rights.  Personal participation is an essential element in a civil rights

action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v.*

*Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the

2

alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010).  A supervisor can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Plaintiff's allegations that Defendant Larimer County Sheriff sets policies for all of the staff at the Larimer County Jail are not sufficient to demonstrate that the Sheriff was personally involved in the alleged deprivation of a kosher diet to Mr. Woodstock. Instead, Plaintiff seeks to hold the Sheriff liable based on his supervisory status, which is improper under § 1983.  Similarly, the mere fact that Defendant Rickard is in charge of religious programs at the Larimer County Jail does not mean that he is responsible for ensuring that Jewish inmates receive a kosher diet.   Further, Mr. Woodstock does not allege any facts to implicate Defendants Larimer County Sheriff or Rickard or in the alleged unlawful retaliation.

In addition, it appears that Mr. Woodstock seeks to hold Defendants Palmer and Jones liable on the basis that they denied his grievances.  However, Plaintiff does not allege specific facts to show that Defendants Palmer and Jones, who are sheriff's

deputies, were personally responsible for his receipt of a kosher diet, or in the alleged

retaliation.  Plaintiff cannot maintain a § 1983 claim against Defendants Palmer and

Jones solely on the basis that they denied his grievances.  The "denial of a grievance,

by itself without any connection to the violation of constitutional rights alleged by

plaintiff, does not establish personal participation under § 1983." *Gallagher*, 587 F.3d at

1069; *see also  Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan.

13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to

establish personal participation in the alleged constitutional violations.") (internal

quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486,

99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence

[to high-ranking prison official] outlining [a] complaint . . . without more, does not

sufficiently implicate the [supervisory official] under § 1983").

Finally, Plaintiff states in the Complaint that he sues the named Defendants in

both their individual and official capacities.  (ECF No. 1, at 3).  Claims against Larimer

County officials in their official capacities are construed as claims against Larimer

County. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  To hold Larimer County liable

under 42 U.S.C. § 1983, Mr. Woodstock must show that an unconstitutional policy or

custom exists and that there is a direct causal link between the policy or custom and the

injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v.*

*Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).

Municipalities are not liable under 42 U.S.C. § 1983 solely because their employees

inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658,

4

694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  Plaintiff

cannot state a claim for relief under § 1983 merely by pointing to isolated incidents.

*See Monell*, 436 U.S. at 694.   Accordingly, it is

ORDERED that Plaintiff, Jonathan (Lane) Woodstock, file **within thirty (30)**

**days from the date of this order,** an amended complaint that complies with the

directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint within

the time allowed, the Court will review the allegations of the original Complaint, which

may result in the dismissal of all or part of this action without further notice.

DATED February 4, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher

_____

United States Magistrate Judge