IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00041-GPG

JONATHAN (LANE) WOODSTOCK,

      Plaintiff,

v.

LARIMER COUNTY SHERIFF,
LT. S SHAFFER,
CHAPLAIN BRET RICKARD,
CAPTAIN PALMER, and
S. JONES,

      Defendants.

---

## ORDER OVERRULING OBJECTION

---

      Plaintiff, Jonathan (Lane) Woodstock, is in the custody of the Colorado

Department of Corrections at the San Carlos Correctional Facility in Pueblo, Colorado.

At the time Plaintiff initiated this action, he was detained in the Larimer County Jail.   Mr.

Woodstock has filed *pro se* a Prisoner Complaint asserting a violation of his

constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

On February 11, 2015, Plaintiff filed an "objection to Magistrate's Order" (ECF No. 7).

He objects to the February 4, 2015 Order Directing Plaintiff to File an Amended

Complaint.

      On February 4, 2015, Magistrate Judge Gordon P. Gallagher ordered Mr.

Woodstock to file, within 30 days, an amended Prisoner Complaint on the court-

approved form, that alleged sufficient facts to show the personal participation of each

named Defendant in the alleged constitutional deprivations (individual capacity claims),

as well as facts to demonstrate that a municipal policy or custom caused the alleged constitutional violations (official capacity claims).  (ECF No. 6).  The February 4 Order warned Mr. Woodstock that if he failed to file an amended Prisoner Complaint as directed within the time allowed, some or all of this action may be dismissed without further notice.

In his Objection to the February 4 Order, Plaintiff asserts that the facts alleged in the original Complaint are sufficient to meet the personal participation requirement for § 1983 liability, and to demonstrate that a municipal policy or custom caused the constitutional deprivations.  (ECF No. 7).  Mr. Woodstock then proceeds to allege additional facts to support his claims against the Defendants.  (*Id.*).  Plaintiff also concedes in his Objection that the Larimer County Sheriff is not a proper Defendant. (*Id.* at 4).

The Court must construe liberally the February 11 Objection to the February 4 Order because Mr. Woodstock is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  The Court has reviewed the file and finds that Magistrate Judge Gallagher's February 4 order is not clearly erroneous or contrary to law.  Further, it appears that Plaintiff has additional factual allegations to include in the amended complaint to support his claims against the

2

Defendants.  Therefore, the Objection will be overruled.  Accordingly, it is

ORDERED that "Objection to Magistrate's Order" (ECF No. 7), filed by Mr. Woodstock on February 11, 2015, which the Court has construed liberally as an objection pursuant to 28 U.S.C. § 636(b)(1)(A), is OVERRULED.  It is

FURTHER ORDERED that Mr. Woodstock shall have **thirty (30) days from the date of this Order** in which to file an amended complaint in compliance with the February 4, 2015 Order.  Plaintiff is reminded that failure to file an amended complaint within the time allowed may result in dismissal of some or all of this action without further notice.

DATED February 13, 2015, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court