IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15–cv–00041–REB–KMT

JONATHAN (LANE) WOODSTOCK,

      Plaintiff,

v.

LT. S. SHAFFER,
CHAPLAIN BRET RICKARD,
CAPTAIN PALMER, and
S. JONES,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Kathleen M. Tafoya

      This matter is before the court on "Defendants Shaffer and Palmer's Motion for Summary Judgment" (Doc. No. 40 [Mot.], filed May 28, 2015).  Plaintiff filed his response June 17, 2015 (Doc. No. 58 [Resp.]) and his declaration in support of his response on June 29, 2015 (Doc. No. 67 [Pl.'s Decl.]).  Defendants Shaffer and Palmer filed their reply on July 1, 2015 (Doc. No. 58 [Reply]).

## STATEMENT OF CASE

      Plaintiff, proceeding *pro se*, was, at the time of the allegations in his Complaint, a prisoner incarcerated at the Larimer County Jail ("LCJ").  (*See* Doc. No. 9 [Compl.] at 4, filed February 25, 2015.)  In his Complaint, Plaintiff alleges that, from January 1, 2014, to March 4, 2014, the defendants refused to provide him with a religious kosher diet, thereby violating

Plaintiff's rights under 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 200 ("RLUIPA"), and Colorado law.  (*See id.*)  Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.  (*See id.* at 15-16.)

Defendants Shaffer and Palmer move for summary judgment on Plaintiff's claims against them.  (Mot.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter."  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex*, 477 U.S. at 325).  The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(c).  A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

2

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Thomson*, 584 F.3d at 1312.

## ANALYSIS

### 1.    *Personal Participation*

Defendants Shaffer and Palmer move for summary judgment on Plaintiff's claims against them on the basis that they did not personally participate in the alleged violations. (Mot. at 5–6.)

Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). There must be an "affirmative link between the defendant's conduct and any constitutional violation." *Stidham v. Peace Officer Stds. & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001). "[T]o state a claim in

federal court, a complaint must explain what each defendant did to him . . . when the defendant did it; how the defendant's action harmed him . . . and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). A defendant may not be held liable under § 1983 merely because of his or her supervisory position. *Se Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Defendant Palmer is a captain at the Larimer County Sheriff's Office and is assigned to oversee the Larimer County Jail. (Mot., Attach. 1, ¶ 1.) Defendant Shaffer is a lieutenant at the Larimer County Sheriff's Office assigned to the Larimer County Jail since 1995. (*Id.*, Attach. 2, ¶ 1.) Plaintiff alleges these defendants failed to provide him a proper kosher diet. (See Compl.) Specifically, Plaintiff alleges the defendants denied "kites" in which Plaintiff complained about his kosher diet. (*See id.*, ¶¶ 3, 7, 8, 9.) Plaintiff alleges Defendant Palmer "supervised [Defendant] Shaffer at the county jail" and worked with Defendant Shaffer "in setting the guidelines for the kosher diets." (*Id.*, ¶ 12.) Plaintiff alleges Defendant Palmer "instructed staff on how to follow guidelines and policies." (*Id.*) Plaintiff also alleges Defendant Palmer was aware of Plaintiff's kosher diet problems because of the kites and grievances he filed, but Defendant Palmer made a choice not to fix the problems. (*Id.*)

Plaintiff does not allege facts to show that Defendants Shaffer and Palmer were involved directly in the alleged constitutional violations regarding the preparation and distribution of the kosher meals. Moreover, to the extent Plaintiff alleges the defendants were involved in the denial of grievances, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."

*Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citing, *e.g.*, *Whitington v. Ortiz*, 307 F. App'x 179, 192–193, 2009 WL 74471, at * 12 (10th Cir. Jan. 13, 2009) (denial of grievances alone is insufficient to establish personal participation in alleged constitutional violations which prompted filing of grievance).

Defendants Shaffer and Palmer are entitled to summary judgment on Plaintiff's § 1983 claims asserted against them for Plaintiff's failure to allege their personal participation in the alleged violations.

**2.      *Municipal Liability Claims***

Because this court recommends that Defendants Palmer and Shaffer be granted summary judgment on Plaintiff's § 1983 claims, Plaintiff's municipal liability claims also fail as a matter of law, because there was no underlying constitutional violation. *See, e.g., Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993); *Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir. 2009) (citing *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002)).

Defendants Palmer and Shaffer are entitled to summary judgment on Plaintiff's municipal liability claims.

**3.      *Qualified Immunity***

Defendants Palmer and Shaffer, in their individual capacities, raise the defense of qualified immunity to Plaintiff's constitutional claims.  Whether a defendant is entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).  To overcome the defendants' claim of qualified immunity, the plaintiff must establish that the defendants' actions violated plaintiff's constitutional or statutory right and that the right at issue was clearly established at the time of the defendants' alleged unlawful conduct. *Albright v.*

*Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). "[C]ourts have discretion to decide which of

the two prongs of the qualified immunity analysis should be addressed first in light of the

circumstances in the particular case at hand." *Id.* "Qualified immunity is applicable unless" the

plaintiff can satisfy both prongs of the inquiry. *Herrera v. City of Albuquerque*, 589 F.3d 1064,

1070 (10th Cir. 2009) (internal quotation marks and citations omitted).

This court recommends that Defendants Palmer and Shaffer should be granted summary

judgment on Plaintiff's constitutional claims. Thus, Plaintiff has not established that the these

defendants violated Plaintiff's constitutional rights, and Defendants Palmer and Shaffer are

entitled to qualified immunity in their individual capacities as to Plaintiff's constitutional claims.

### 4.     *Failure to Exhaust Administrative Remedies*

Plaintiff's remaining claim against Defendants Palmer and Shaffer under federal law is

his claim that the Defendants violated his rights under RLUIPA. Defendants Shaffer and Palmer

argue that, except as to one grievance, Plaintiff failed to exhaust his administrative remedies

under the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a). (Mot. at 6–7.)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions

under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are

exhausted." 42 U.S.C. § 1997e(a). The "PLRA's exhaustion requirement applies to all inmate

suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). *See also Booth v. Churner*,

532 U.S. 731, 731–32 (2001) (PLRA requires exhaustion in all matters regardless of remedy

sought and availability of remedy at the agency level).

The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is mandatory.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").  *See also Jones v. Bock*, 549 U.S. at 210–212 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").  "To exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007).  "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules,—rules that are defined not by the PLRA, but by the prison grievance process itself."  *Bock*, 549 U.S. at 218 (internal quotation marks and citation omitted).  Thus, it is the prison's own grievance procedures that set forth what the prisoner must do in order to exhaust his or her administrative remedies.  *Id.*, 549 U.S. at 218 (citation omitted). After *Jones v. Bock*, a failure to exhaust administrative remedies constitutes an affirmative defense which must proved by defendants.  *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

Defendant Palmer explains that the Inmate Handbook for LCJ, a copy of which is given to all inmates upon being booked into the jail, sets forth the administrative process for inmate grievances.  (Mot., Attach. 1, ¶ 7.)  In a case involving food service at LCJ, the inmate must first file a grievance with the kitchen staff, then must file an appeal with Defendant Shaffer, and finally must file an appeal with Defendant Palmer, whose decision is final.  (*Id.*)  Defendant Palmer swears in his Affidavit that four of seven grievances filed by Plaintiff related to portion sizes and the alleged failures in preparing and serving meals consistent with kosher standards.

(*Id.*, ¶ 8.)  Defendant Palmer states that Plaintiff only followed the entire appeal process as to one of his grievances originally filed by Plaintiff on February 3, 2014, in which Plaintiff complained about being served a beef patty and sausage patty on that date.  (*Id.*)  However, Defendant Palmer does not attach any of the grievances to his motion and affidavit.  Moreover, Plaintiff attaches to his response an Inmate Grievance/Appeal form, signed by Defendant Palmer on March 3, 2014, in which Plaintiff complains that the "kosher trays [are being] messed with every day in some way," that "[i]t is becoming the norm for the kitchen to mess with the kosher [diet] in some way," and that the LCJ "is showing a pattern of anti-semetic behavior."  (Resp. at 14.)

The court finds Defendants Palmer and Shaffer have failed to show that there is no genuine dispute as to whether Plaintiff exhausted his administrative remedies.  Their motion for summary judgment in this regard properly is denied.

**5.      *RLUIPA Claims Asserted Against Defendants in their Individual Capacities***

Defendants Palmer and Shaffer move for summary judgment as to Plaintiff's RLUIPA claims asserted against them in their individual capacities.

The Tenth Circuit recently held "there is no cause of action under RLUIPA for individual-capacity claims."  *Stewart v. Beach*, 701 F.3d 1322, 1334 (10th Cir. 2012).  Accordingly, Defendants Palmer and Shaffer are entitled to summary judgment on Plaintiff's RLUIPA claims to the extent they are directed at Defendants Palmer and Shaffer in their individual capacities.

**6.      *RLUIPA Claims for Injunctive Relief and Money Damages***

Defendants Palmer and Shaffer assert that Plaintiff is limited to equitable relief under RLUIPA.  (Mot. at 11-12.)

### A.      *Injunctive Relief*

On March 4, 2014, Plaintiff was transferred from the LCJ to the Colorado Department of Corrections.  (Mot., Attach. 1, ¶ 2.)  Plaintiff's transfer from the LCJ renders moot his requests for injunctive relief concerning that facility.  *See Jordan v. Sosa*, 654 F.3d 1012, 1027–28 (10th Cir.2011) (transfer between prisons moots claims for declaratory and injunctive relief against officials at former prison).  Thus, the court recommends that Plaintiff's claims for injunctive relief against all defendants be dismissed for lack of jurisdiction.

### B.      *Money Damages*

"Several circuit courts have held, under the principles of sovereign (Eleventh Amendment) immunity, that money damages are not available for official-capacity RLUIPA claims."  *Abdulhaseeb v. Calbone*, 600 F. 3d 1301, 1311–12 (10th Cir. 2010) (citations omitted). "On the other hand, one circuit court has concluded that monetary relief is available against official-capacity defendants in RLUIPA suits (although, the court also acknowledged, for a prisoner plaintiff, the Prisoner Litigation Reform Act generally will limit such relief to nominal damages)."  *Abdulhaseeb*, 600 F.3d at 1312 (citing  *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir.2007)).  However, the Tenth Circuit declined to decide the issue of Eleventh Amendment immunity from money damages for official-capacity RLUIPA claims.  *Abdulhaseeb*, 600 F.3d at 1312.  Moreover, "Eleventh Amendment immunity extends only to *state* officials, and does not protect county or local officials."  *Meade v. Grubbs*, 841 F.2d 1512, 1529 n.17 (10th Cir. 1988) (*abrogated on other grounds*) (emphasis in original).

Defendants have provided the court with no law, and the court has not found any, regarding the unavailability of money damages under RLUIPA in a suit against a county

defendant sued in his or her official capacity.  Nevertheless, Plaintiff's RLUIPA claim is subject to dismissal, in part, on an alternative basis, because Plaintiff has failed to allege a physical injury sufficient to permit the recovery of monetary damages under the PLRA.  The PLRA states, in pertinent part, "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  By its plain language, § 1997e(e) requires a prisoner to allege a physical injury to bring a claim for "mental or emotional injury."

Here, Plaintiff seeks compensatory damages from each defendant.  (*See* Compl. at 15-16.)  However, Plaintiff fails to allege he suffered <u>any</u> physical or mental injury.  (*See* Compl.) Plaintiff's Complaint fails to allege sufficient facts showing that he suffered a physical injury which would permit him to be awarded compensatory damages for any mental or emotional suffering under the PLRA.  Accordingly, Plaintiff cannot recover compensatory damages.

Nevertheless, although § 1997e(e) bars recovery for mental or emotional injury damages absent an allegation of physical injury, it does not bar recovery of nominal damages, punitive damages, or declaratory or injunctive relief.  *See Searles v. Van Bebber*, 251 F.3d 869, 878–79, 880–881 (10th Cir. 2001) (nominal and punitive damages available absent a showing of actual injury); *Perkins v. Kansas Dep't of Corrs.*, 165 F.3d 803, 808 and n. 6 (10th Cir. 1999) (nominal damages and equitable relief not barred by PLRA).

Thus, Plaintiff's claims for compensatory damages are barred by the PLRA.  However, he may still pursue nominal and punitive damages.

**7.**     ***Claim for Violation of Civil Rights of Institutionalized Persons Act of 1980***

Defendants Palmer and Shaffer move for summary judgment on Plaintiff's claim asserted

under the Civil Rights of Institutionalized Persons Act of 1980 ("CRIPA").

CRIPA confers on the Attorney General the authority "to initiate or intervene in a civil

action on behalf of state institutionalized persons who are subject to egregious or flagrant

conditions which deprive them of their rights." *Callahan v. Southwestern Med. Ctr.*, No. CIV–

03–1434–F, 2005 WL 1238770, at *6 (W.D. Okla. Apr. 29, 2005).   However, CRIPA "does not

provide for an individual right of action." *Id.*; *see also Cooper v. Sumner*, 672 F. Supp 1361 (D.

Nev. 1987); 42 U.S.C. § 1997(a)(c).

Accordingly, the court recommends that Plaintiff's CRIPA claim against all defendants

be dismissed with prejudice.[1]

**8.**     ***Claim for Violation of Colorado Revised Statute § 17-42-101***

Under Colorado law, prisoners "have the right to worship according to the dictates of

their consciences."  Colo. Rev. Stat. § 17–42–101(1).   "Where a statute does not provide for a

private cause of action, a plaintiff may not pursue a claim for relief upon the statute."  *See*

*Hardwood v. Brady*, 165 P.3d 871, 876 (Colo. App. 2007) (citing *Prairie Dog Advocates v. City*

*of Lakewood*, 20 P.3d 1203 (Colo. App. 2000) (holding that plaintiff had no standing to bring

claim against defendant under statute prohibiting poisoning of wildlife because statute does not

create a private cause of action).   There is no statute that authorizes a plaintiff to bring a claim

---

[1] The court shall dismiss claims at any time if it determines that Plaintiff fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

under § 17–42–101.  *See Grady v. Holmes*, No. 07–cv–02251–EWN–CBS, 2008 WL 3539274,

at *6 (D. Colo. Aug. 12, 2008).

Accordingly, Plaintiff's claim against all defendants asserted under Colo. Rev. Stat. § 17–

42–101 should be dismissed with prejudice.

**9.    *Claim for Violation of Colorado Constitution Article II, Section 4***

In his Complaint, Plaintiff alleges violation of his rights under "Article, Section 4 of the

Colorado Constitution."  (*See* Compl. at 12.)

Article II, Section 4, of the Colorado Constitution provides:

> The free exercise and enjoyment of religious profession and worship, without
> discrimination, shall forever hereafter be guaranteed; and no person shall be
> denied any civil or political right, privilege or capacity, on account of his opinions
> concerning religion; but the liberty of conscience hereby secured shall not be
> construed to dispense with oaths or affirmations, excuse acts of licentiousness or
> justify practices inconsistent with the good order, peace or safety of the state. No
> person shall be required to attend or support any ministry or place of worship,
> religious sect or denomination against his consent. Nor shall any preference be
> given by law to any religious denomination or mode of worship.

"Colorado law does not contain the statutory equivalent to 42 U.S.C. § 1983."  *Walker v.*

*Bd. of Transp., Reg'l Transp. Dist.*, 76 F. Supp. 2d 1105, 1112 (D. Colo. 1999).  In *Board of*

*County Commissioners of Douglas County v. Sundheim*, 926 P.2d 545, 549 (Colo. 1996), the

Colorado Supreme Court declined to recognize an implied cause of action to enforce the

Colorado Constitution via a § 1983 lawsuit, concluding "that where other adequate remedies

exist, no implied remedy is necessary."  *Id.* at 553.  Here, the enforcement of federal

constitutional rights through § 1983 provides an adequate remedy for the claims alleged by

Plaintiff.

Thus, no state-based implied remedy is necessary, and Plaintiff's claim for alleged violations of Colorado Constitution Article II, Section 4, asserted against all defendants should be dismissed.

**CONCLUSION**

Based on the foregoing, this court respectfully

**RECOMMENDS** that "Defendants Shaffer and Palmer's Motion for Summary Judgment" (Doc. No. 40) be **GRANTED** in part and **DENIED** in part as follows:

1.      Defendants Shaffer and Palmer should be granted summary judgment on Plaintiff's claims asserted under 42 U.S.C. § 1983 against them for Plaintiff's failure to allege their personal participation in the alleged violations;

2**.**     Defendants Palmer and Shaffer should be granted summary judgment on Plaintiff's § 1983 municipal liability claims;

3.      Defendants Palmer and Shaffer should be granted qualified immunity in their individual capacities as to Plaintiff's constitutional claims;

4.      Defendants Palmer and Shaffer should be granted summary judgment on Plaintiff's RLUIPA claims to the extent they are directed at Defendants Palmer and Shaffer in their individual capacities;

5.      Plaintiff's claims for injunctive relief against all defendants be dismissed for lack of jurisdiction;

6.      Plaintiff's claims for compensatory damages against all defendants, which are barred by the PLRA, should be dismissed;

7.      Plaintiff's state law claims asserted against all defendants should be dismissed;

and

8.      Defendants Palmer and Shaffer's motion for summary judgment should be denied as to Plaintiff's RLUIPA claim to the extent he seeks nominal and punitive damages only.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

14

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge