**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00041-REB-KMT

JONATHAN (LANE) WOODSTOCK,

    Plaintiff,

v.

LT. S. SHAFFER,
CHAPLAIN BRET RICKARD,
CAPTAIN PALMER, and
S. JONES,

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#80],[1] filed September 24, 2015; and (2) **Defendants Shaffer and Palmer's Objection to Magistrate Judge Recommendation on Summary Judgment** [#83], filed October 8, 2015. I overrule defendants' objection, adopt the recommendation, and dispose of defendants' motion for summary judgment.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objection, and applicable caselaw, as well as the arguments raised, authorities cited, and evidence presented by the parties both in their original briefs and

---

[1] "[#80]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

in the objection and response thereto.

The recommendation is detailed and well-reasoned. The magistrate judge's thorough analysis of the issues raised by defendants' summary judgment motion requires no festooned reiteration by this court. I thus wholeheartedly approve and adopt the recommendation as an order of this court.

Defendants' objections pertain to the one limited subset of claims as to which the magistrate judge recommends summary judgment be denied, that is, plaintiff's official capacity claims seeking nominal and punitive damages against defendants under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §§ 2000cc-2000cc-5. These claims are based on grievances plaintiff filed while incarcerated at the Larimer County Jail, which claims ostensibly complain about the failure to provide him with a proper kosher diet.

Defendants maintain that plaintiff has failed to exhaust his administrative remedies with respect to all but one of these grievances. *See* 42 U.S.C. § 1997e(a). The failure to exhaust administrative remedies is an affirmative defense as to which defendants bear the burden of proof. **Jones v. Bock**, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); **Roberts v. Barreras**, 484 F.3d 1236, 1240 (10th Cir. 2007). I concur with the magistrate judge's assessment that defendants have failed to demonstrate the absence of a genuine dispute of material fact as to this affirmative defense. Defendants' non-specific summary of the nature and number of plaintiff's grievances is woefully insufficient to meet their burden of proof, especially in light of plaintiff's submission of the actual grievances with his response to the motion.

Moreover, it does not appear at all clear to this court that the grievance defendants identify as exhausted is the only one as to which plaintiff pursued relief at all levels of the administrative process.[2] From the evidence plaintiff has submitted, it appears that he filed a grievance on January 18, 2014, in which he complained about the kitchen's allegedly non-kosher food preparation methods. (*See* **Plf. Resp. App.**, Exh. 3.) Although the grievance states that it was to be routed to the kitchen, as required by jail procedures, it was instead answered by defendant Shaffer on January 27, 2014. Plaintiff appears to have filed an appeal that same day, which defendant Shaffer answered on February 10. (*See id.*, Exh. 1.) Plaintiff maintains that he filed his appeal of the February 10 decision on February 13, 2014, but that contrary to jail policy, the appeal was answered by defendant Shaffer rather than defendant Palmer. (*See id.*, Exh. 2.)[3] Plaintiff can hardly be chided for failing to exhaust his administrative remedies based on defendants' apparent failure to pass plaintiff's grievances up the chain of review as required by their own procedures.

Nor am I persuaded by defendants' suggestion that the grievance as to which they do concede exhaustion does not state a viable RLUIPA claim because it merely complains about the size of the portions plaintiff was receiving.[4] Procedurally,

---

[2] Defendants claim the only grievance pursued through all levels of administrative review was that filed on February 3, 2014, to which Shaffer responded on February 14 and Palmer weighed in on March 3. (*See* Plf. Resp. App., Exhs. 6 & 8.)

[3] The uncertainty apparent in the court's recitation of these facts is attributable largely to the failure of the relevant forms clearly to designate, by number or other system of identification, which appeals relate to which original grievances.

[4] The January 18, 2014, grievance (**Plf. Resp. App**., Exhibits 1-3) plainly addressed the alleged failure to follow kosher protocols in the preparation and serving of plaintiff's meals.

3

defendants failed to raise this argument in their original motion, and thus can hardly object to the magistrate judge's failure to consider it.[5]

Substantively, defendants' suggestion is plainly belied by the documents themselves, in which plaintiff clearly complains that he had been given beef and sausage patties on his ostensibly kosher dinner and breakfast trays, respectively. (*See* **Plf. Resp. App.**, Exh. 6.) Although plaintiff also complained about smaller portions in the appeal which defendant Palmer ultimately reviewed, therein he suggests that the smaller portions he received were in retaliation for his complaints about the kosher meals. Indeed, defendant Palmer's response to the grievance ostensibly acknowledged as much, insofar as he replied, *inter alia*, that "[y]our meals meet all guidelines for being kosher." (*Id.*, Exh. 8.)

Under these circumstances, summary judgment clearly is not appropriate as to plaintiff's official capacity claims seeking nominal and punitive damages under RLUIPA. Although defendants suggest in their objection that these claims should be limited to those grievances as to which exhaustion has been shown, such a request is not proper in the context in which it is presented. *See* D.C.COLO.LCivR 7.1(d). Moreover, and substantively, it would not be appropriate to limit plaintiff's claims when it is defendants

---

[5] The entirety of defendants' argument in their motion as to this issue was as follows:

> The Sheriff took no action to substantially burden Plaintiff's exercise of his Jewish faith. The Sheriff's policy and practice is to provide religious meals to inmates. Plaintiff was approved for a Kosher meal. Failure of several meals to allegedly not "meet muster" is not actionable.

(**Def. Motion** at 11.) No legal authority was cited in support of these assertions and no further explication was offered. The court need not even address such woefully, inadequately briefed arguments. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir.2007).

4

who bear the burden of proof on the issue.

  **THEREFORE, IT IS ORDERED** as follows:

  1. That the **Recommendation of United States Magistrate Judge** [#80], filed September 24, 2015, is approved and adopted as an order of this court;

  2. That the objections stated in **Defendants Shaffer and Palmer's Objection to Magistrate Judge Recommendation on Summary Judgment** [#83], filed October 8, 2015, are overruled;

  3. That **Defendants Shaffer and Palmer's Motion For Summary Judgment** [#40], filed may 28, 2015, is granted in part and denied in part as follows;

    a. That the motion is denied insofar as it relates to plaintiff's claims for nominal and punitive damages under RLUIPA against defendants in their official capacities; and

    b. That is all other respects, the motion is granted;

  4. That the following claims are dismissed with prejudice:

    a. Plaintiff's constitutional claims against defendants Shaffer and Palmer under 42 U.S.C. § 1983;

    b. Plaintiff's claims against all defendants in their individual capacities under RLUIPA (*see* 28 U.S.C. § 1915(e)(2)(B)(ii));

    c. Plaintiff's claims against all defendants in their official capacities under RLUIPA for injunctive relief and compensatory damages;

    d. Plaintiff's claims against all defendants under the Civil Rights of Institutionalized Persons Act of 1980, Colorado Revised Statutes §17-4-

101(1), and Article II, Section 4 of the Colorado Constitution;

5. That at the time judgment enters, judgment with prejudice shall enter as follows:

   a. On behalf of defendants, Lt. S. Shaffer and Captain Palmer, and against plaintiff, Jonathan (Lane) Woodstock, as to plaintiff's constitutional claims them under 42 U.S.C. § 1983; and

   b. On behalf of defendants, Lt. S. Shaffer; Chaplain Bret Rickard; Captain Palmer; and S. Jones, and against plaintiff, Jonathan (Lane) Woodstock, as to plaintiff's (1) individual capacity claims against them under RLUIPA; (2) official capacity claims against them seeking injunctive relief and compensatory damages under RLUIPA; (3) claims under the Civil Rights of Institutionalized Persons Act of 1980; (4) claims under Colorado Revised Statutes §17-4-101(1); and (5) claims under Article II, Section 4 of the Colorado Constitution; and

6. That at the time judgment enters, defendants shall be awarded their costs to be taxed by the clerk of the court in the time and manner specified by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated January 14, 2016, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*

Robert E. Blackburn
United States District Judge