**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00041-REB-KMT

JONATHAN (LANE) WOODSTOCK,

    Plaintiff,

v.

LT. S. SHAFFER,
CHAPLAIN BRET RICKARD,
CAPTAIN PALMER, and
S. JONES,

    Defendants.

**ORDER GRANTING DEFENDANT SHAD JONES'S
MOTION TO CLARIFY AND DENYING MOTION TO STAY**

**Blackburn, J.**

The matters before me are (1) **Defendant S. [Shad] Jones' [*sic*] Motion To Clarify Court's Order Overruling Objections to and Adopting Recommendation of Magistrate Judge (ECF No. 124) [#125]**,[1] filed January 28, 2016; and (2) **Defendant S. [Shad] Jones' [*sic*] Motion To Stay Outstanding Discovery Issues Re: Defendant Jones [#126]**, filed January 28, 2016.  I exercise my prerogative to rule on the motion without awaiting the benefit of a response, **D.C.COLO.LCivR** 7.1(d).

---

[1] "[#125]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

1

Defendant professes confusion as to the effect of my **Order Overruling Objections to and Adopting Recommendation of Magistrate Judge** [#124], filed January 14, 2016 on the claims remaining against him.[2]  More specifically, he appears to be under the impression that I may have dismissed all claims in this lawsuit in which he is implicated, mooting his still-pending dispositive motion.  He therefore seeks to stay ruling on currently pending discovery motions until that confusion is resolved.  Although my order is perfectly clear, especially read in conjunction with the recommendation which it approved and adopted, I nevertheless will grant the motion to clarify and reiterate the operative language of the order.  There is thus no need for a stay.

My order dismissed the following claims as against all defendants (to include Mr. Jones): (1)  under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") as against defendants in their individual capacities; (2) under RLUIPA as against defendants in their official capacities insofar as plaintiff would seek injunctive relief and compensatory damages; (3) under the Civil Rights of Institutionalized Persons Act of 1980 ("CRIPA"); (4) under § 17-4-101(1), C.R.S.; and (5) under Article II, Section 4 of the Colorado Constitution.  (**See Order** ¶¶ 4 & 5 at 5-6 [#124], filed January 14, 2016.)  Thus, the only claims that have been dismissed in their entirety as against all defendants (to include Mr. Jones) are those asserted under (1) CRIPA; (2) § 17-4-101(1), C.R.S.; and (3) the Colorado Constitution.  (**See Recommendation** at 11-13 [#80], filed September 24, 2015 (demonstrating lack of private right of action under any of these rubrics).)

However, my decision left intact plaintiff's claims for nominal and punitive

---

[2]  Defendant Jones was not a party to the motion which was the subject of the recommendation.

damages under RLUIPA, which claims the magistrate judge properly noted were not barred by the PLRA:

> Nevertheless, although § 1997e(e) bars recovery for mental or emotional injury damages absent an allegation of physical injury, it does not bar recovery of nominal damages, punitive damages, or declaratory or injunctive relief. **See Searles v. Van Bebber**, 251 F.3d 869, 878–79, 880-881 (10th Cir. 2001) (nominal and punitive damages available absent a showing of actual injury); **Perkins v. Kansas Dep't of Corrs**., 165 F.3d 803, 808 and n. 6 (10th Cir. 1999) (nominal damages and equitable relief not barred by PLRA).
>
> *Thus, Plaintiff's claims for compensatory damages are barred by the PLRA. However, he may still pursue nominal and punitive damages.*

(*Id.* at 10 (emphasis added).)

In addition, plaintiff has asserted federal constitutional claims against Mr. Jones under 42 U.S.C. § 1983. Indeed, Mr. Jones has addressed these claims in his own motion for summary judgment. (**See Defendant S. [Shad] Jones'** [*sic*] **Motion To Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** at 4-6 [#46], filed June 5, 2015.)[3] Nothing in my order adopting the recommendation addressed plaintiff's section 1983 claims against anyone other than the movants, Captain Palmer and Lieutenant Shaffer. Those claims insofar as they implicate Mr. Jones therefore also remain for determination and adjudication.[4]

**THEREFORE, IT IS ORDERED** as follows:

---

[3] Although the motion putatively was filed as a motion to dismiss under Rule 12, the magistrate judge (to whom the motion was referred for recommendation) converted it into a motion for summary judgment based on the fact that Mr. Jones submitted evidence in support of the motion. (**See Courtroom Minutes** [#81], filed September 24, 2105.)

[4] All of this analysis should have been rather obvious from a thorough and careful reading of the recommendation and order. I have done nothing more here than merely reiterate the content of the magistrate judge's recommendation and my order. Asking for clarification under these circumstances wastes judicial resources and imposes an undue burden on the court. I expect and require counsel to be more judicious in making such requests in the future.

1. That **Defendant S. [Shad] Jones' [*sic*] Motion To Clarify Court's Order Overruling Objections to and Adopting Recommendation of Magistrate Judge (ECF No. 124)** [#125], filed January 28, 2016, is granted;

2. That the effect of my prior order is clarified as stated herein; and

3. That **Defendant S. [Shad] Jones' [*sic*] Motion To Stay Outstanding Discovery Issues Re: Defendant Jones** [#126], filed January 28, 2016, is denied.

Dated February 1, 2016, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge

4