**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00041-REB-KMT

JONATHAN (LANE) WOODSTOCK,

     Plaintiff,

v.

LT. S. SHAFFER,
CHAPLAIN BRET RICKARD,
CAPTAIN PALMER, and
S. JONES,

     Defendants.

---

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION
FOR STAY OF  SUMMARY JUDGMENT PROCEEDINGS
PENDING ADEQUATE LIMITED DISCOVERY IN THE CASE**

---

**Blackburn, J.**

     The matter before me is plaintiff's **Motion for Stay of Summary Judgment Proceedings Pending Adequate Limited Discovery in the Case** [#131],[1] filed February 3, 2016.  By this motion, plaintiff asks the court to stay further consideration of **Defendants Shaffer and Palmer's Motion For Summary Judgment** [#40], filed May 28, 2015, so that he may conduct discovery relevant to his claims against these defendants.

     However, on January 14, 2016, I entered my **Order Overruling Objections to and Adopting Recommendation of United States Magistrate Judge** [#124], in which

---

[1]"[#131]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

I approved and adopted the magistrate judge's recommendation as to the disposition of defendants Shaffer and Palmer's motion.  A stay of that ruling therefore is a temporal impossibility.  Moreover, my order left intact certain of plaintiff's claims against these defendants.  (***See id.*** ¶ 3.a. at 5.)  As to those claims, therefore, discovery may continue.  (***See* Minute Order** [#112], filed January 5, 2016 (extending discovery deadline to May 5, 2016).)

The majority of the remaining claims were dismissed because, regardless of the facts alleged, there is no private right of action for violation of the statute of constitutional provision on which plaintiff purported to rely.  These claims are legally insupportable, and no further discovery will make them viable.

The sole exception was plaintiff's section 1983 claims against these defendants, which were dismissed for failure to allege facts sufficient to show their personal participation in the alleged constitutional violations.  Although it strikes the court as highly unlikely, if ongoing discovery should reveal additional facts previously unknown to plaintiff which are relevant to this determination, he may be able to seek leave to amend his complaint, provided, of course, so far past the deadline for amendment of the pleadings that he can satisfy the standards of Federal Rules of Civil Procedure 16 and 15.  *See Petekeiwicz v. Stembel*, 2015 WL 1740386 at *4 (D. Colo. Apr. 14, 2015); *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000).[2]

---

[2]  While not intending to prejudge the merits of any such motion, I nevertheless note that it appears plaintiff would have an uphill battle should he seek leave to amend.  Rule 16 requires a showing of "good cause" to amend the extant Scheduling Order, which in turn requires plaintiff to "show that [he] has been diligent in attempting to meet the deadlines, which means [he] must provide an adequate

For all these reasons, plaintiff's motion is moot, and will be denied on that basis.

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion for Stay of Summary Judgment Proceedings Pending Adequate Limited Discovery in the Case** [#131], filed February 3, 2016, is denied as moot.

Dated February 4, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

explanation for any delay." ***Minter v. Prime Equipment Co.***, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The procedural history of this case makes this court dubious that plaintiff can meet that burden.  Plaintiff never responded to Messrs. Palmer and Shaffer's dispositive motion. Nearly three weeks *after* the magistrate judge issued her recommendation on the motion, plaintiff filed a motion seeking an extension of time to respond, in which he never suggested additional discovery was needed.  (*See* **Motion** [#84], filed October 13, 2015.)  Although the magistrate judge promptly granted plaintiff's motion (*see* **Minute Order** [#87], filed October 14, 2015), he did not file a response to the summary judgment motion. Instead, on October 13, 2015), he filed an improper interlocutory appeal of the recommendation ([#85], again failing to mention any need for further discovery.  In addition, and only two days after the extended deadline for his summary judgment response, plaintiff filed a response to Messrs. Palmer and Shaffer's objection to the magistrate judge's recommendation ([#97], filed October 4, 2015), again giving no indication that he thought discovery on the matter was inadequate.  Under these circumstances, plaintiff's diligence is questionable at best.