IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15–cv–00041–REB–KMT

JONATHAN (LANE) WOODSTOCK,

    Plaintiff,

v.

LT. S. SHAFFER,
CHAPLAIN BRET RICKARD,
CAPTAIN PALMER, and
S. JONES,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendant S. [Shad] Jones' Motion to Dismiss Amended Complaint" (Doc. No. 46 [Mot.], filed June 5, 2015), which this court converted into a motion for summary judgment based on the fact that Defendant Jones submitted evidence in support of the motion. (*See* Doc. No. 81, Courtroom Minutes, filed Sept. 24, 2105.) After time for additional briefing on the motion, Plaintiff filed his response on November 4, 2015 (Doc. No. 98 [Resp.]), and Defendant Jones filed his reply on November 18, 2015 (Doc. No. 101 [Reply]).

### STATEMENT OF CASE

Plaintiff, proceeding *pro se*, was, at the time of the allegations in his Complaint, a prisoner incarcerated at the Larimer County Jail ("LCJ"). (*See* Doc. No. 9 [Compl.] at 4, filed Feb. 25, 2015.) In his Complaint, Plaintiff alleges that, from January 1, 2014, to March 4, 2014,

the defendants refused to provide him with a religious kosher diet, thereby violating Plaintiff's rights under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").[1]

## STANDARD

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing Celotex, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324; see also Fed. R. Civ. P. 56(c). A disputed fact is "material" if "under the substantive law it is essential to the proper disposition of the claim." *Adler v. Wal Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.

---

[1] District Judge Robert E. Blackburn dismissed Plaintiff's claims against all defendants in their individual capacities under RLUIPA, Plaintiff's claims against all defendants in their individual capacities under RLUIPA for injunctive relief and compensatory damages, and Plaintiff's claims against all defendants under the Civil Rights of Institutionalized Persons Act of 1983, Colorado Revised Statutes § 17-4-101(a), and Article II, Section 4 of the Colorado Constitution. (*See* Doc. No. 124, filed Jan. 14, 2016.) Thus, the only claims remaining against Defendant Jones are Plaintiff's constitutional claims under 42 U.S.C. § 1983 and Plaintiff's claims for nominal and punitive damages under RLUIPA.

*Thomas v. Metropolitan Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

When ruling on a motion for summary judgment, a court may consider only admissible evidence. *See Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1209–10 (10th Cir. 2010). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Concrete Works*, 36 F.3d at 1517. Moreover, because Plaintiff is proceeding *pro se*, the court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). At the summary judgment stage of litigation, a plaintiff's version of the facts must find support in the record. *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); Thomson, 584 F.3d at 1312.

## ANALYSIS

A § 1983 claim "must establish not only the deprivation of a right secured by the Constitution or laws of the United States, but also a deprivation committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Private actors are excluded from § 1983 liability, no matter how discriminatory or wrongful their conduct. *Id.* at 50. Similarly, the RLUIPA defines "government" to include "any . . . person acting under color

of state law." 42 U.S.C. § 2000cc-5. "[S]tate action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1143 (10th Cir. 2014) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001)).

In his Complaint, Plaintiff alleges Defendant Jones acted under color of state law (Compl. at 3) when he told Plaintiff "that his kosher diet is kosher and that kosher guidelines are being followed" (*id.* at 8), when he "supervised and instructed the inmates in the kitchen how to prepare, cook and serve the kosher diets" (*id.* at 9), and "chose not to fix the [kosher diet] problems" despite being aware of them (*id.*). Defendant Jones argues, citing *Strope v. Cline*, No. 07-3254-SAC, 2010 LEXIS 144521 (D. Kan. Mar. 18, 2010), that he is an employee of a private corporation, Aramark, and that there is no factual or legal basis to conclude that there is a nexus between the State's authority and Defendant Jones's conduct. (*See* Mot. at 4-6 and Ex. B [Jones. Aff.].)

In *Strope*, the District Court of the District of Kansas concluded that the defendants, the kitchen manager and a kitchen line supervisor, were subject to dismissal because they acted as employees of ARAMARK and not under color of state law. 2010 LEXIS at *2, *5–8, 13. Specifically, the court concluded that "[t]here [was] no evidence of a relationship between [defendants] and the [Kansas Department of Corrections] that supports a finding that [their] conduct is attributable to a state agency or that the state controlled her actions." *Id.* at *7–8 (citations omitted). The District of Kansas cited *Blum v. Yaretsky*, 457 U.S. 991 (1982), to support its finding that the defendants had not acted under color of state law. However, *Blum*

involved a "class of Medicaid patients challenging decisions by the nursing homes in which they reside[d] to discharge or transfer patients without notice or an opportunity for a hearing." *Blum*, 457 U.S. at 993. The Supreme Court concluded that the patients "ha[d] failed to establish 'state action' in the nursing homes' decisions to discharge or transfer Medicaid patients to lower levels of care." *Id.* at 1012. Particularly, the Court noted that "nursing homes [do not] perform a function that has been 'traditionally the exclusive prerogative of the State." *Id.* at 1011 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 353 (1974)). A private nursing home, however, differs greatly from a correctional facility, where the state is responsible for providing needed services, such as food and medical care, to inmates. *See Ramos v. Lamm*, 639 F.2d 559, 570–71 (10th Cir. 1980) (citations omitted) (noting that "the State must provide an inmate with a 'healthy habilitative environment.' This includes providing nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it.").

In the context of a prison, the Supreme Court has held that a physician under contract with the state to provide essential medical services to state prisoners was "acting under color of state law for purposes of § 1983 . . .[and that] such conduct is fairly attributable to the State." *West v. Atkins*, 487 U.S. 42, 54 (1988). In analyzing the *Atkins* case, the Tenth Circuit stated, "[t]he Court reasoned that '[c]ontracting out prison medical care does not relieve the State of its constitutional duty to provide adequate medical treatment to those in its custody, and it does not deprive the State's prisoners of the means to vindicate their Eighth Amendment rights.' " *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1456 n.3 (10th Cir. 1995) (quoting *Atkins*, 487 U.S. at 56). *See generally* 1 MARTIN A. SCHWARTZ & JOHN E. KIRKLIN, SECTION

1983 LITIGATION: CLAIMS, DEFENSES, AND FEES, § 5.6, at 262 (2d ed. 1991) (concluding that the holding of *Atkins* is based upon "a unique coalescing of factors, namely, (1) the provision of services, pursuant to state contract, which the state is constitutionally obligated to provide, (2) in a state facility, (3) to individuals having no other access to those services, and (4) under the heavy influence of state authority").

Prisoners have a constitutional right to a diet conforming to their religious beliefs. *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002) (citing *LaFevers v. Saffle*, 936 F.2d 1117, 1119-20 (10th Cir. 1991)). Defendant Jones's role as Food Service Director at LJC, a state facility, is based on a contract with the facility. (Mot., Ex. B, ¶¶ 2-3.) Therefore, like *Atkins*, this case is based upon the provision of services, pursuant to state contract, which the state is constitutionally obligated to provide.

## CONCLUSION

In light of the factual similarity between *West v. Atkins* and this case, this court respectfully

**RECOMMENDS** that "Defendant S. [Shad] Jones' Motion to Dismiss Amended Complaint" (Doc. No. 46) (converted into a motion for summary judgement) be **DENIED**.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579–80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059–60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of February, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

7