**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00041-REB-KMT

JONATHAN (LANE) WOODSTOCK,

    Plaintiff,

v.

LT. S. SHAFFER,
CHAPLAIN BRET RICKARD,
CAPTAIN PALMER, and
S. JONES,

    Defendants.

**ORDER OVERRULING OBJECTION TO
ORDER OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matter before me is plaintiff's **Objection to Deposition and Request for Deposition** [#171],[1] filed March 9, 2016.  Despite its title, the document appears to have been intended as a response to **Defendants Shaffer and Palmer's Fed. R. Civ. P. 30(a)(2)(B) Motion for Leave To Depose Plaintiff** [#150], filed February 25, 2016. Prior to the date on which the response was docketed, however, the magistrate judge granted that motion.  (**Order Granting Defendants Shaffer and Palmer's Fed. R. Civ. P. 30(a)(2)(B) Motion for Leave To Depose Plaintiff** [#155], filed March 1, 2016.) Nevertheless, because plaintiff's response essentially objects to the substantive relief requested by the motion, which has now been granted, I construe the response instead

---

[1] "[#171]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

as a true objection to the order of the magistrate judge. Thus construed, and exercising my discretion under D.C.COLO.LCivR 7.2(d) to address the objection without awaiting a response, I overrule the objection.

Plaintiff's objection pertains to non-dispositive matters referred to the magistrate judge for resolution. Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law. Moreover, because plaintiff is proceeding *pro se*, I construe and review his filings more liberally than pleadings or papers filed by attorneys. ***See, e.g., Erickson v. Pardus***, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Haines v. Kerner,*** 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). Having reviewed the magistrate judge's apposite order, I find and conclude that it is neither clearly erroneous nor contrary to law.

Plaintiff's main objection is that he should not face deposition without counsel to ensure that defendants "do not do anything improper during the Deposition." Despite the fact that a request for substantive relief is improperly presented in a response or objection to an order of the magistrate judge,[2] **see D.C.COLO.LCivR** 71.(d), I note that the magistrate judge has denied plaintiff's motions for appointment of counsel on three separate occasions. (**See Minute Order** [#165], filed March 7, 2016; **Minute**

---

[2] For this reason, I do not consider plaintiff's additional request for leave to depose defendants on the date set for his own deposition. Moreover, plaintiff's request is premised on the assumption that defendants would be present during his own deposition, which is neither required nor, the court imagines, likely.

**Order** [#93], filed October 23, 2015; **Order** [#161], filed August 31, 2015.)  Plaintiff failed to file any objection to the first two of these orders,[3] and there is nothing therein which would have warranted overruling the magistrate judge's determination in any event.

Nor does plaintiff offer anything to substantiate his inexplicit concern that counsel for defendants might do something improper in the conduct of a deposition of plaintiff.  Defendants' counsel are officers of this court, and the court fully expects that they will conduct themselves within the bounds of all substantive rules of procedure and ethical standards of conduct.  Moreover, nothing in the federal or local rules entitles plaintiff to a preview of proposed deposition questions or to a deposition in writing under Fed. R. Civ. P. 31.

**THEREFORE, IT IS ORDERED** that the objections stated in plaintiff's **Objection to Deposition and Request for Deposition** [#171], filed March 9, 2016, construed as an objection to the non-dispositive order of the magistrate judge, are overruled.

Dated March 14, 2016, at Denver, Colorado.

                                          **BY THE COURT:**

                                          Robert E. Blackburn
                                          United States District Judge

---

[3] The time to object to the most recent order on this issue has not yet elapsed.