**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00041-REB-KMT

JONATHAN (LANE) WOODSTOCK,

    Plaintiff,

v.

LT. S. SHAFFER,
CHAPLAIN BRET RICKARD,
CAPTAIN PALMER, and
S. JONES,

    Defendants.

---

**ORDER OVERRULING OBJECTION TO
ORDER OF THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

The matter before me is **Plaintiff's Objection to Order Denying Plaintiff's Leave To Ammend** [*sic*] **Complaint** [#170],[1] filed March 9, 2016, objecting to the magistrate judge's **Minute Order** [#156], filed March 1, 2016. Exercising my discretion under D.C.COLO.LCivR 7.2(d) to address the objection without awaiting a response, I overrule the objection.

Plaintiff's objection pertains to non-dispositive matters that were referred to the magistrate judge for resolution. Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law.

---

[1] "[#170]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Moreover, because plaintiff is proceeding *pro se*, I construe and review his filings more liberally than pleadings or papers filed by attorneys.  **See, e.g., Erickson v. Pardus**, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  Nevertheless, having reviewed the magistrate judge's **Minute Order** ([#156], filed March 1, 2016) denying plaintiff's **Motion for Leave To Ammend** [sic] **Complaint** [#141], filed February 16, 2016,  I find and conclude that the magistrate judge's order is not clearly erroneous or contrary to law.

Plaintiff seeks leave to amend his complaint to name five John Doe defendants who were employees of Aramark allegedly involved in the preparation of his meals.  The deadline for amendment of the pleadings was November 6, 2015.  (**See Courtroom Minutes** [#81], filed September 24, 2015.)  Although plaintiff claims to have served defendant Shad Jones with a request to produce the names of these defendants on October 19, 2015, he offers no explanation as to why he then waited some three months past the deadline for amendment of pleadings for Mr. Jones to respond to the request.[2]  Mr. Jones's alleged failure to do so does not excuse plaintiff from moving timely to amend, especially since the request he makes now – to add unnamed John Does – is the same as could have been made prior to the amendment deadline.  **See Gillespie v. Civiletti**, 629 F.2d 637, 642 (9th Cir. 1980); **Simmons v. District of**

---

[2]  Nor did plaintiff move to compel Mr. Jones to respond to discovery until after the magistrate judge denied his motion for leave to amend.  (**See Motion for Documents from Jones** [#160], filed March 4, 2016.

*Columbia*, 750 F.Supp.2d 43, 45 (D.D.C. 2011).

Moreover, plaintiff's "impression" notwithstanding, the local civil rules of this District Court expressly require a party who seeks leave to amend to provide a copy of his proposed pleading:

> A party who files an amended pleading under Fed. R. Civ. P. 15(a)(1) or with the consent of the opposing party shall file a separate notice of filing the amended pleading and shall attach as an exhibit a copy of the amended pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., underlines) the text to be added.

**D.C.COLO.LCivR** 15.1(a).  This rule supplements, but does not conflict with, Fed. R. Civ. P. 15.  Thus in addition to meeting the other standards required for consideration of a belatedly filed motion to amend, plaintiff must comply with these requirements as well.

**THEREFORE, IT IS ORDERED** that the objections stated in **Plaintiff's Objection to Order Denhing Plaintiff's Leave To Ammend** [*sic*] **Complaint** [#170], filed March 9, 2016, are overruled.

Dated March 14, 2016, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge