# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 15-cv-00041-REB-KMT

JONATHAN (LANE) WOODSTOCK,

    Plaintiff,

v.

LT. S. SHAFFER,
CHAPLAIN BRET RICKARD,
CAPTAIN PALMER, and
S. JONES,

    Defendants.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING
## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#134],[1] filed February 5, 2016; and (2) **Defendant S. [Shad] Jones' Objection to Recommendation of United States Magistrate Judge (ECF No. 134)** [#144], filed February 18, 2016.  I overrule the objection, adopt the recommendation, and deny the apposite motion for summary judgment.[2]

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the

---

[1] "[#134]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Although Mr. Jones styled his motion as arising under Rule 12(b), he appended evidence thereto.  The magistrate judge therefore appropriately converted the motion to one for summary judgment.  (*See* **Courtroom Minutes** [#81], filed September 24, 2015.)

recommendation, the objection, plaintiff's response to the objections ([#158], filed March 4, 2016), and the applicable caselaw.  The recommendation is detailed and well-reasoned.  Mr. Jones's objections are ultimately without merit.

Mr. Jones is a Food Service Director for Aramark Correctional Services, LLC ("Aramark"), a private corporation which contracted to provide food services to the Larimer County Jail during the time period relevant to plaintiff's complaint.  Of the several issues raised by Mr. Jones's motion, only one remains[3]: whether Mr. Jones is a state actor and thereby chargeable with the putative violations of plaintiff's constitutional and statutory rights alleged in the complaint.  The magistrate judge concluded that Mr. Jones is a state actor, and I concur.

There is no question that Aramark itself – a private corporation to which the Larimer County Jail has delegated its constitutional responsibility to provide adequate nutrition that complies with prisoners' religious requirements – is a state actor, and the overwhelming majority of federal courts have so found.  ***See, e.g.***, ***Dotson v. Shelby County***, 2014 WL 3530820 at *13 (W.D. Tenn. July 15, 2014); ***Pagan v. Westchester County***, 2014 WL 982876 at *24 (S.D.N.Y. Mar. 12, 2014), ***as amended on other grounds***, 2015 WL 337403 (S.D.N.Y. Jan. 26, 2015); ***DeJesus v. Aramark Food Services*, Inc**., 2014 WL 144732 at *3 n. 2 (E.D. Pa. Jan. 14, 2014); ***Johnson v. ARAMARK***, 2012 WL 219503 at * 2 n. 3 (W.D. Ky. Jan. 25, 2012), ***aff'd***, 482 Fed.

---

[3] I previously dismissed plaintiff's RLUIPA claims for monetary damages and injunctive relief, as well as the RLUIPA claims insofar as pled against defendants individually.  (***See* Order Granting Defendant Shad Jones's Motion To Clarify and Denying Motion To Stay** at 3 [#124], filed January 14, 2016 (citing **Recommendation of United States Magistrate Judge** at 10 [#80], filed September 24, 2015).)  I also rejected the argument that plaintiff failed to exhaust administrative remedies, at least as to some of his grievances.  (***See* Order Overruling Objections to and Adopting Recommendation of United States Magistrate Judge** at 2-4 [#124], filed January 14, 2016.)

Appx. 992 (6th Cir. Nov. 5, 2012); **Frazier v. ARAMARK**, 2011 WL 3847188 at * 2 (E.D. Cal. Aug. 30, 2011). Mr. Jones does not attempt to contest this clear and well-supported authority, which is based on a logical extension of existing precedents which the magistrate judge examined thoroughly and persuasively in her recommendation.

Nevertheless, Mr. Jones maintains the magistrate judge missed an important nuance of his argument – namely, that he may not be held liable individually because, as a mere employee of Aramark, he himself had not contracted directly with the county. Mr. Jones cites no legal authority which directly supports this argument, and I have found none. To the contrary, with but two limited (and wholly unpersuasive) exceptions,[4] every case this court has located confirms that employees of a private corporation which provides services traditionally provided by the state may themselves be liable for putative constitutional violations. **See, e.g.**, **Flint v. Kentucky Department of Corrections**, 270 F.3d 340, 351-52 (6th Cir. 2001); **Rosborough v. Management & Training Corp.**, 350 F .3d 459, 460-61 (5th Cir. 2003); **Smith v. Cochran**, 339 F.3d 1205, 1213-15 (10th Cir. 2003); **Frazier v. Bailey**, 957 F.2d 920, 928 (1st Cir. 1992); **Conner v. Donnelly**, 42 F.3d 220, 225, 226 (4th Cir. 1994). **See also Perry v. Jones**, 2015 WL 7016519 at *3 (E.D. Va. Nov. 12, 2015) (citing cases).

---

[4] These are the Kansas district court's decisions in **Strope v. Cline**, 2010 U.S. Dist. LEXIS 144521 (D. Kan. March 18, 2010), and **Harrison v. Richardson**, 2009 WL 735128 (D. Kan. March 19, 2009). In both cases (over which the same judge presided), the court professed to rely on the Supreme Court's decision in **Blum v. Yaretsky**, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982). For the reasons cogently expatiated by the magistrate judge in her recommendation, however, the court's unexamined reliance on **Blum** cannot withstand scrutiny. **See also Perry v. Jones**, 2015 WL 7016519 at *3-5 (E.D. Va. Nov. 12, 2015) (only other court to cite **Strope** and **Harrison**, presenting similar arguments to distinguish **Strope** and **Harrison**; also persuasively distinguishing **Young v. Martinez**, 2008 WL 793575 (D. Colo. March 21, 2008), also cited as support in **Strope** and **Harrison**).

That an employee personally has no contract with the state has never been found to present an impediment to the imposition of liability in these circumstances. Indeed, private parties to whom traditional state functions have been delegated have been found to be state actors in the absence of any contract at all.[5]  **See Conner**, 42 F.3d at 225-226.  Indeed, this result makes sense in light of the relevant test for state action, which inquires whether there is "such a close nexus between the State and the *challenged action* that seemingly private behavior may be fairly treated as that of the State itself."  **Brokers' Choice of America, Inc. v. NBC Universal, Inc**., 757 F.3d 1125, 1143 (10th Cir. 2014) (quoting **Brentwood Academy v. Tennessee Secondary School Athletic Association**, 531 U.S. 288, 295, 121 S.Ct. 924, 930, 148 L.Ed.2d 807 (2001)) (emphasis added; citation and internal quotation marks omitted).

Although plaintiff himself cites this standard, he misunderstands the nature of the relevant nexus.  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  **West v. Atkins**, 487 U.S. 42, 49, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988) (citation and internal quotation marks omitted).  **See also Blum v. Yaretsky**, 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534 (1982) ("The purpose of this requirement is to assure that constitutional standards are invoked only when it can be

---

[5] Likewise, that Aramark's contract with the county provides that employees of Aramark will not be considered employees of the county does not insulate those employees from liability.  **See Smith**, 339 F.3d at 1213-15 (supervisory personnel of state drivers license examination center to which authority over work-release inmates was delegated bound by Eighth Amendment, even though contract stated that department would retain full jurisdiction and authority over discipline and control of inmates).

said that the State is responsible for the specific conduct of which the plaintiff complains."). Regardless whether Mr. Jones contracted directly with the county, the determinative fact is that he was delegated, through his employer, Larimer County's constitutional duty to provide prisoners at the jail with a diet conforming to their religious requirements.  See *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002). Because there is a nexus between that conduct and the state, Mr. Jones is properly considered a state actor, and his alleged violations of plaintiff's rights in that regard are actionable. His motion for summary judgment properly is denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#134], filed February 5, 2016, is approved and adopted as an order of this court;

2. That **Defendant S. [Shad] Jones' Objection to Recommendation of United States Magistrate Judge (ECF No. 134)** [#144], filed February 18, 2016, as converted into a motion for summary judgment (*see* **Courtroom Minutes** [#81], filed September 24, 2015) is overruled; and

3. That **Defendant S. [Shad] Jones' Motion To Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)** [#46], filed June 5, 2015, is denied.

Dated March 15, 2016, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge